[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff whose birth name was Pamela A. Steigleder and the defendant, Ole Westh Nielson, were married on May 9, 1992 in Copenhagen, Denmark. The plaintiff for more than one year prior to the institution of this action has continuously resided in the State of Connecticut. The plaintiff and defendant have one minor child issue of the marriage to wit Max Frederick Nielson, born September 25, 1993, and no other minor children have been born to the plaintiff since the date of their marriage to the defendant.
The plaintiff is 37 years of age and the defendant is 32. The plaintiff is a United States citizen and the defendant is a citizen of Denmark. The child is a United States citizen. Based upon the relevant, credible and admissible evidence presented to this court during the course of the hearing and the reasonable inferences therefrom, the court makes the following conclusions of fact and law.
This marriage has broken down irretrievably which the parties concede and the court concludes that neither of them is more at fault than the other for the breakdown. The cultural differences between them along with a non fault disintegration contributed to the breakdown of the marriage. Accordingly, a decree is entered dissolving the marriage.
Any relationship that the defendant had with one Martha Rogers is found by the court to have been initiated or come to fruition after the parties separated and after the marriage had broken down. The plaintiff has expressed fears of the defendant removing the child to Denmark and not bringing him back. The CT Page 10737 defendant has no family contacts other the plaintiff and their son in America, all of his family and other collateral resources being located in Denmark. In addition, he has also stated to the plaintiff in the past that if things didn't work out, that is, the marriage and finances in this country, that he would move back Denmark. The court finds that this is a fear realistically held by the plaintiff. The court also finds that the plaintiff and the defendant have a good relationship with the child and apparently are able to deal somewhat decently with each other concerning of matters about the welfare of the child.
Custody of the minor child is awarded to the parties jointly with the primary residence with the mother and reasonable rights of visitation to the father. Said visitation right at minimum shall include Tuesday and Thursday after the child's school hours until 7:30 p. m.; alternating weekends Friday after school until Sunday at 7:30 p. m., and during the summer it may be extended by Tuesday overnight and return the child at 8:00. a.m. and every Thursday overnight. Neither parent shall remove the child from the United States without permission of the court. It is further ordered that the defendant shall have reasonable visitation of the child for vacation and holiday schedules which is ordered to be worked out by the parties.
The defendant shall pay to the plaintiff the sum of $130.00 per week as support and an arrearage in the amount of $2,360.00 is found and shall be repaid to the plaintiff within 90 days from the date of this memorandum.
In order to assist the plaintiff in upgrading her occupational skills, the court orders that the defendant pay to the plaintiff the sum of $75.00 per week for a period of three years from the date of this Memorandum. The defendant shall maintain medical insurance for the benefit of the minor child and all un-reimbursed reasonable healthcare costs of said minor child shall be divided equally between the parties. In the event health insurance shall be available to cover the child from any employment subsequently held by the mother, she is ordered to make such coverage available providing the cost is reasonable.
These parties shall be responsible for their own counsel fees.
It is so ordered.
Higgin, J. CT Page 10738